IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02750-CNS-STV

VDPP, LLC,

    Plaintiff,

v.

PANASONIC CORPORATION OF NORTH AMERICA,

    Defendant.

---

**PANASONIC'S ANSWER AND DEFENSES TO VDPP'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

---

Defendant PANASONIC CORPORATION OF NORTH AMERICA ("Panasonic" or "Defendant") hereby files its Answer to Plaintiff VDPP, LLC's ("VDPP" or "Plaintiff") Complaint (Dkt. 1).[1] Panasonic denies each and every allegation contained in VDPP's Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Panasonic denies that VDPP is entitled to the relief requested or any other relief.

---

[1] VDPP's Complaint is erroneously styled "Plaintiff's First Amended Complaint."

I.   THE PARTIES

1. Panasonic lacks sufficient information to admit or deny the allegations of paragraph 1 and therefore denies them.

2. Panasonic admits that it is a Delaware corporation; that it has a regular and established place of business in Colorado; and that certain Panasonic products are sold in Colorado. Panasonic denies that it sells the accused products in Colorado or that any of its products infringe any VDPP patent. Panasonic admits that it has been served with process.

II.   JURISDICTION AND VENUE

3. Admitted.

4. Solely for purposes of this action, Panasonic does not contest personal jurisdiction.

5. Panasonic admits that it maintains a place of business and that it conducts business in this District. Panasonic denies that it has committed acts of infringement and denies any remaining allegations in paragraph 5. Panasonic denies that venue is proper in this District

III.   INFRINGEMENT

A. Infringement of the '380 Patent

6. Panasonic admits that the '380 patent is entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials," that it issued on July 10, 2018, and that Exhibit A to the Complaint appears to be a true and correct copy of the '380 patent.

Panasonic denies that the '380 patent was duly and legally issued. Panasonic lacks sufficient information to admit or deny the remaining allegations of paragraph 6 and therefore denies them.

7. Panasonic lacks sufficient information to admit or deny the allegations of paragraph 7 and therefore denies them.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

### B. Infringement of the '922 Patent

13. Panasonic admits that the '922 patent is entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials," that it issued on April 17, 2018, and that Exhibit C to the Complaint appears to be a true and correct copy of the '922 patent. Panasonic denies that the '922 patent was duly and legally issued. Panasonic lacks sufficient information to admit or deny the remaining allegations of paragraph 13 and therefore denies them.

14. Panasonic lacks sufficient information to admit or deny the allegations of paragraph 14 and therefore denies them.

15. Denied.

16. Denied.

17. Denied

18. Denied.

19. Denied.

### IV. JURY DEMAND

This does not require a response.

### V. PRAYER FOR RELIEF

Panasonic denies that VDPP is entitled to any of the relief sought by its Complaint, including but not limited to the relief requested in sections a - g of its Prayer for Relief.

### AFFIRMATIVE AND OTHER DEFENSES

Panasonic asserts the following affirmative and other defenses. Panasonic expressly reserves the right to allege additional defenses as they become known through discovery or otherwise.

### NON-INFRINGEMENT

Panasonic has not infringed, directly or indirectly, any valid and enforceable claim of the '380 or '922 patents.

### INVALIDITY

The '380 and '922 patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## PROSECUTION HISTORY ESTOPPEL

VDPP's allegations are barred in whole or in part under the doctrine of prosecution history estoppel.

## WAIVER, ESTOPPEL, AND UNCLEAN HANDS

Some or all of Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

## MARKING

To the extent that VDPP, its predecessors-in-interest, and/or its licensees failed to properly mark any of its relevant products with the asserted '380 and '922 patents as required by 35 U.S.C. § 287 or otherwise give Panasonic proper notice of its allegations that Panasonic's actions infringe the '380 and '922 patents, Panasonic is not liable for any of the allegedly infringing acts performed before it received actual notice of the alleged infringement.

## ENSNAREMENT

To the extent that VDPP asserts infringement under the doctrine of equivalents, its claims are barred because any such asserted claim scope would ensnare the prior art.

## PRAYER FOR RELIEF

WHEREFORE, Panasonic prays for the following relief:

A.      The Court enter judgment in favor of Panasonic denying all relief requested by VDPP in this action and dismissing VDPP's Complaint with prejudice;

B.  The Court find that VDPP's conduct in prosecuting this case makes this an exceptional case under 35 U.S.C. § 285 and that as a result, VDPP be ordered to pay Panasonic's attorneys' fees and costs incurred with this civil action; and

C.  The Court award such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Panasonic respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated: February 1, 2024.

/s/ *Lee F. Johnston*
Lee F. Johnston
Colorado Bar No. 27897
675 15th Street, Suite 2200
Denver CO 80202
Telephone: 303.382.6211
Fax: 303.382.6210
Email: lee.johnston@haynesboone.com

John R. Emerson
Texas Bar No. 24002053
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214.651.5000
Fax: 214.200.0615
Email: russ.emerson@haynesboone.com

**ATTORNEYS FOR DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF System.

*/s/ Lee F. Johnston*